UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60133-RAR

UNITED STATES OF AMERICA

vs.

NICOLAS ROMERO,

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court upon Defendant's Second *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 75]. The Court having carefully reviewed the Motion; the Government's Response in Opposition ("Response"), [ECF No. 73];[1] the record; and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 75], is **DENIED** as set forth herein.

## BACKGROUND

On June 16, 2022, a federal grand jury returned an indictment charging Nicolas Romero with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count 1); and one count of reentry after deportation in violation of 8 U.S.C. § 1326(a)) (Count 2). *See* Indictment, [ECF No. 8]. As to Count 1, the Indictment also alleged that pursuant to 21 U.S.C. §§ 841(b)(l)(B)(ii) and 841(b)(1)(A)(i), "this violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance . . .

---

[1] The Court permitted the Government to file renewed opposition or to rely upon its previously filed opposition to Defendant's First Compassionate Release Motion. *See* [ECF No. 76]. The Government opted to rely upon its previous Response in Opposition. *See* [ECF No. 77]. The Court accordingly considers the Government's April 15, 2024 Response, [ECF No. 73], as the operative Response in Opposition to Defendant's Motion.

[and] a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance."[2]  *See* Indict. at 1–2.  On October 13, 2022, Defendant agreed to plead guilty to Counts 1 and 2 of the Indictment.  [ECF No. 28] at 1.  Defendant entered a guilty plea before the Court on the same day.  *See* [ECF No. 27].  As part of his plea agreement, Defendant also executed a Factual Proffer ("Proffer"), [ECF No. 29], admitting he was a previously removed alien who was subsequently found in the United States unlawfully.  Proffer at 4.  He further admitted his central role in arranging a narcotics transaction in Florida and in transporting approximately five kilograms of heroin and three kilograms of cocaine from New Mexico to Florida.  *See generally* [ECF No. 29].

Prior to sentencing, Defendant's Final Revised Presentence Investigation Report ("PSR"), [ECF No. 43], assigned Defendant an adjusted offense level of 27.  PSR ¶ 46.  As to his criminal history, Defendant was assigned 3 criminal history points, yielding a criminal history category of II.  *See* PSR ¶ 56.  The Defendant also met the safety valve criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G § 5C1.2(a) and received the concomitant two-level reduction under U.S.S.G. § 2D1.1(b)(18).  *See* PSR ¶ 23. Defendant's adjusted guideline range was accordingly 78–97 months' imprisonment.  PSR ¶ 93.  The Court sentenced Defendant to a low-end, guidelines sentence of 78 months' imprisonment as to Count 1 and 24 months' imprisonment as to Count 2, to be served concurrently, followed by a five-year term of supervised release.  *See* [ECF No. 47].

On January 30, 2024, Defendant filed two nearly identical motions requesting a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).  *See* [ECF Nos. 55–56].  Specifically, Defendant sought relief under Part B of Amendment 821 to the Sentencing Guidelines, U.S.S.G.

---

[2]  Where, as here, the offense involves 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, the offense carries a statutory maximum sentence of life.  *See* Proffer at 1; 21 U.S.C. § 841(b)(l)(A)(i).

§ 4C1.1(a)(1)'s so-called zero-point offender adjustment. *See id.* The Court denied both Motions on February 14, 2024 because Defendant had three prior criminal history points and was thus ineligible for zero-point offender relief. *See* [ECF No. 60]. Defendant then filed a third motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), [ECF No. 62], this time seeking relief under Part A of Amendment 821, U.S.S.G. § 4A1.1(e)'s criminal history "status points" provision. The Court denied that motion on March 14, 2024 because Defendant did not receive any criminal history status points when his guidelines' range was calculated on March 14, 2024. *See* [ECF No. 67].

On April 1, 2024, Defendant filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)'s so-called compassionate release provision and asking the Court to appoint counsel to assist with his Motion ("First Motion"), [ECF No. 69]. On May 20, 2024 Defendant filed the instant Motion seeking the same relief, [ECF No. 75]. On May 23, 2024, the Court denied Defendant's First Motion after determining (1) that the circumstances were not sufficiently novel, complex, or exceptional to warrant court-appointed counsel and (2) that Defendant's May 20, 2024 Motion mooted his First Motion. *See* [ECF No. 76]. The Court further stated that it would consider Defendant's arguments for compassionate release in ruling upon defendant's later-filed Motion. The Court now turns to that Motion.

## LEGAL STANDARD

Generally, "[a] 'court may not modify a term of imprisonment once it has been imposed except' in certain circumstances established by statute or rule." *United States v. Handlon*, No. 22-13699, at 4 (11th Cir. Apr. 3, 2024) (quoting 18 U.S.C. § 3582(c)); *see also United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Section 3582(c)(1)(A) of the United States Code—commonly referred to as the "compassionate release" provision—is one such statutory exception to the general rule. *See Handlon*, No. 22-13699, at 4 (citing *Giron*, 15 F.4th at 1345). This

statutory provision authorizes courts to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i).[3]

In 2018, Congress passed the First Step Act ("FSA"),[4] Section 604 of which expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions, where previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [United States Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Bryant*, 996 F.3d at 1259. Thus, as modified by the FSA, § 3582(c)(1)(A) now provides:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction *is consistent with* applicable *policy statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

With respect to the applicable policy statements referenced in § 3582(c)(1)(A), 28 U.S.C. § 994(t) commands that "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the

---

[3] Section 3582(c)(1)(A)(ii) alternatively allows for a sentence reduction where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Here, because Defendant is not 70 years of age and has not served 30 years in prison, subsection (ii) is inapplicable.

[4] First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194. The First Step Act was enacted on December 21, 2018.

criteria to be applied and a list of specific examples.  Rehabilitation of the defendant alone shall

not be considered an extraordinary and compelling reason."  And as the Eleventh Circuit has noted,

"the Commission did [so in promulgating §] 1B1.13, which is entitled 'Reduction in Term of

Imprisonment under 18 U.S.C. § 3582(c)(1)(A).'"  *Bryant*, 996 F.3d at 1247.  Thus, the § 1B1.13

Policy Statement governs courts' consideration of compassionate release motions filed under §

3582(c)(1)(A).  *See id.*

Notably, in April 2023, the Sentencing Commission passed Amendment 814—effective

November 1, 2023—which implemented a series of long-awaited updates to the § 1B1.13 Policy

Statement,[5] including (1) moving the list of circumstances that qualify as "extraordinary and

---

[5] By way of background, the Court notes that for several years after the passage of the FSA, the Sentencing Commission lacked the requisite quorum to update § 1B1.13 in accordance with the FSA's changes to the compassionate release provision codified at § 3582(c)(1)(A).  Thus, "before November 1, 2023, the Sentencing Commission's only guidance on this point had been promulgated prior to the enactment of the First Step Act."  *United States v. Padilla*, No. 16 CR. 317-04 (PAE), 2024 WL 749566, at *3 (S.D.N.Y. Feb. 23, 2024).  But after Congress changed the statute to allow defendants to file motions in addition to the BOP, a circuit split emerged concerning whether § 1B1.13 constituted an "applicable policy statement" for defendant-filed motions, since the policy statement, quoting the pre-existing statute's language, began with the phrase "[u]pon motion of the Director of the Bureau of Prisons."  *Bryant*, 996 F.3d at 1247.  As a result, some circuits determined that §1B1.13 was not an "applicable policy statement" binding judicial discretion as to defendant-filed motions, effectively affording courts in these circuits great discretion, under Application Note 1(D), concerning whether to grant or deny compassionate release motions.  *Id.* at 1248. Other circuits, including the Eleventh Circuit, continued to consider § 1B1.13 an applicable policy statement for all §3582(c)(1)(A) motions, notwithstanding the former version of § 1B1.13's prefatory phrase "[u]pon motion of the Director of the Bureau of Prisons."  *Id.* (holding, "[i]n short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").  Accordingly, prior to November 1, 2023, the law in the Eleventh Circuit was that § 1B1.13 Application Note 1(D) did not grant courts discretion to develop their own "other reasons" that might justify a reduction in a defendant's sentence beyond those articulated by the BOP.  *See id.*  However, in light of Amendment 814's recent changes to § 1B1.13, this circuit split now appears to be moot, since the new § 1B1.13 moves the circumstances constituting extraordinary and compelling reasons from the commentary into the text of the § 1B1.13 Policy Statement itself; brings the language of § 1B1.13 in line with the FSA; and removes the ambiguity from the previous version of § 1B1.13.  *See United States v. Prada*, No. 22-13059, slip op. at 6–7 (11th Cir. Mar. 27, 2024) (per curiam) (stating "[t]he Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and move[d] the definition of 'extraordinary and compelling reasons' to the text of the Guidelines."); *see also Handlon*, No. 22-13699, at 8–9 (explaining that "[t]he 2023 amendment to § 1B1.13 altered the text of the guideline itself to allow for compassionate release in [] new circumstance[s].").  Accordingly, § 1B1.13 now controls courts' evaluation of all compassionate release petitions, whether BOP or defendant initiated, and expands the list

compelling" from the Application Notes in § 1B1.13's Commentary to a standalone subsection placed within the main body of the § 1B1.13 Policy Statement; (2) expanding the list of "extraordinary and compelling reasons," which *inter alia*, (a) retitled the "Medical Circumstances" category and added various additional subcategories; (b) significantly expanded the "Family Circumstances" category by adding additional subcategories; (c) added a new "Victim of Abuse" category; (d) significantly expanded the "Other Reasons" category to  preserve judicial discretion to decide compassionate release motions, whether BOP or defendant filed, provided that such other circumstances, "when considered by themselves or together with any of the reasons" listed in § 1B1.13 "are similar in gravity"; and (e) added an "Unusually Long Sentences" category, which permits courts to consider non-retroactive changes in law under a specific set of circumstances. *Compare* U.S.S.G. § 1B1.13 (Nov. 2023)[6] *with* U.S.S.G. § 1B1.13 (Nov. 2018); *see also Prada*, No. 22-13059, at 6–7.

Thus, as modified, the new § 1B1.13 identifies the following six circumstances, when considered individually or in combination, that permit the court to reduce a term of imprisonment under § 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence.  U.S.S.G. § 1B1.13(b)(1)–(6) (Nov. 2023); *see also Prada*, No. 22-13059, at 6–7.  And before granting such motions, § 1B1.13 also requires courts to determine that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2) (Nov. 2023); *see also Handlon*, No. 22-13699, at 4–5.

---

of extraordinary and compelling reasons courts may consider in evaluating them.

[6] U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28, 254 (effective Nov. 1, 2023).

But even if one or some combination of the extraordinary and compelling reasons listed above is present, the Court must still determine that a sentence reduction remains consistent with "the factors set forth in section 3553(a) to the extent that they are applicable" before a sentence reduction is proper. *See Handlon*, No. 22-13699, at 5; *see also* 18 U.S.C. § 3582(c)(1)(A). Thus, under § 3582(c)(1)(A)(i), the district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in § 1B1.13. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see also Handlon*, No. 22-13699, at 5. If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *See Giron*, 15 F.4th at 1347–48; *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order.").

Finally, for defendant-filed motions brought under § 3582(c)(1)(A), the defendant must first meet the statute's administrative exhaustion requirement. *Handlon*, No. 22-13699, at 4; *see also* 18 U.S.C. § 3582(c)(1)(A). The defendant also bears the burden of establishing that compassionate release is warranted. *See United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)); *see also United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act).

## ANALYSIS

Defendant seeks a reduction in his sentence pursuant to § 3582(c)(1)(A)(i)'s compassionate release provision. But as explained below, the Court finds that Defendant has failed to identify any viable extraordinary and compelling reasons warranting compassionate release. Accordingly, the Motion is denied without the need to analyze the § 3553(a) factors.

### I. Defendant Has Failed to Demonstrate Extraordinary and Compelling Reasons

The Government does not argue that Defendant failed to exhaust his administrative remedies before filing this Motion, *see* Resp., so the Court may directly proceed to evaluate it on the merits. And on the merits, Defendant fails to establish extraordinary and compelling reasons warranting a sentence reduction as required by § 3582(c)(1)(A)(i). The Court discerns four specific reasons Defendant adduces to argue his circumstances are sufficiently extraordinary and compelling to warrant a sentence reduction: (1) Defendant's alleged severe medical conditions and deteriorating health; (2) his old age reducing the likelihood of recidivism; (3) the harsh prison conditions at FCI Fort Dix; and (4) his alleged rehabilitation during his incarceration. *See* Mot. at 1–7.

Focusing on Defendant's proffered grounds, the Court construes (1) as proposing extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(1)'s "Medical Circumstances of the Defendant" category; (2) as proposing extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(2)'s "Age of the Defendant" category; and (3) and (4) as proposing extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(5)'s "Other Reasons" catchall. The Court addresses each in turn.

### A. Defendant Does Not Qualify Under U.S.S.G. § 1B1.13(b)(1)

Defendant first argues that he qualifies for § 1B1.13(b)(1)'s "Medical Circumstances of the Defendant" category because of his various medical conditions. *See generally* Mot. Defendant provides medical documents substantiating his conditions of "Type 2 Diabetes, Hyperlipidemia, Hypertension, and Prior Myocardial Infarction." Mot. at 18–29. Unfortunately, Defendant's condition and supporting documentation fail to establish that Defendant's claimed medical conditions are sufficiently extraordinary and compelling to warrant relief under § 1B1.13(b)(1).

Section 1B1.13(b)(1), which governs Defendant's argument on this point, states the following:

(1) *Medical Circumstances of the Defendant*—

(A)    The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B)    The defendant is—

    (i)    suffering from a serious physical or medical condition

    (ii)    suffering from a serious functional or cognitive impairment, or

    (iii)    experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)    The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)    The defendant presents the following circumstances—

    (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

> (iii)    such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1) (Nov. 2023).

To qualify for relief under § 1B1.13(b)(1), the defendant bears the burden of establishing that his or her medical condition is sufficiently extraordinary and compelling to warrant compassionate release.  *See United States v. Granberry*, No. 5:18CR21-RH-MJF, 2024 WL 1962873, at *1 (N.D. Fla. May 2, 2024); *United States v. Bell*, No. 14-20140, 2024 WL 3455390, at *4 (S.D. Fla. July 18, 2024); *United States v. Pittman*, No. 19-60261, 2023 WL 3930723, at *3 (S.D. Fla. June 9, 2023).  Defendants must generally corroborate that they have such conditions with evidence from a medical provider.  *See Heromin*, 2019 WL 2411311, at *2 ("Without his medical provider corroborating either of these requirements, [a defendant] has not shown a foundation for compassionate release based on his medical condition."); *Granberry*, 2024 WL 1962873, at *1 (finding that defendant's unsworn motion on its own was insufficient to establish § 1B1.13(b)(1)(B)'s prerequisites).

Here, Defendant's medical conditions and attached documentation fail to meet any of § 1B1.13(b)(1)(A)–(D)'s qualifying criteria.  While Defendant has provided medical records from the BOP documenting his diabetes and other medical conditions, his medical records provide no indication that his conditions are "terminal" or "urgent"; that his ability to provide self-care has been substantially diminished; that his specialized medical care needs are not being met; or that there is an ongoing infectious disease outbreak or public health emergency that puts defendant at increased risk and cannot be adequately mitigated in a timely manner.  *See* U.S.S.G. § 1B1.13(b)(1)(A)–(D).  To the contrary, Defendant's medical records indicate that (1) each of his conditions is being actively monitored and managed and (2) that he has been timely receiving his prescribed medications along with regular insulin treatments.  *See* Mot. at 18–29.

Defendant separately claims that he has "severe depression, PTSD, and anxiety" along with "severe memory loss" and a swelling on his ear that he "thinks may be a tumor or abnormal growth." Mot. at 4. However, unlike his Type 2 Diabetes, Hypertension, and other diagnosed conditions noted above, Defendant has provided no medical records substantiating these additional conditions, nor sworn under penalty of perjury that these conditions are legitimate.

Indeed, a record dated June 30, 2023 indicates Defendant has "no other medical complaints" and that his eyes, neck, lungs, and abdomen are "normal" and "clear." *See* Mot. at 25. While the Court acknowledges Defendant's condition may have changed since June 30, 2023, Defendant's unsworn motion is insufficient to establish the prerequisites of § 1B1.13(b)(1). *See Granberry*, 2024 WL 1962873, at *1 (citing *Roy v. Ivy*, 53 F.4th 1338, 1347–48 (11th Cir. 2022) (holding that to be considered evidence, an inmate's submission must be executed explicitly "under penalty of perjury")). Accordingly, Defendant's documented medical conditions do not satisfy the requirements of § 1B1.13(b)(1)'s "Medical Circumstances of the Defendant" category. *See Bell*, 2024 WL 3455390, at *4 (denying compassionate release under Amendment 814 because defendant's medical records reflected his conditions were being adequately treated and that defendant's claims of poor medical care and unpleasant living conditions were insufficient to warrant relief under § 3582(c)(1)(A)(i)).

### B. Defendant Does Not Qualify Under U.S.S.G. § 1B1.13(b)(2)

Defendant further argues that he qualifies for § 1B1.13(b)(2)'s "Age of the Defendant" category since he is 68 years old. Mot. at 5. A defendant qualifies under the "Age of the Defendant" category only if he or she: "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

Here, while Defendant is over the age of 65, he fails to meet § 1B1.13(b)(2)'s other two requirements.  Specifically, Defendant's medical records indicate that he is not experiencing any serious deterioration in health and that his medical providers are actively monitoring and treating his medical conditions.  *See*, *e.g.*, Mot. at 25.  And even if he were experiencing a serious deterioration, Defendant has not served at least 10 years nor 75 percent of his term of imprisonment.  *See* [ECF No. 73-2].  Because Defendant does not meet § 1B1.13(b)(2)'s second and third requirements, Defendant does not qualify for relief under § 1B1.13(b)(2).

### C.  Defendant Does Not Qualify Under U.S.S.G. § 1B1.13(b)(5)

The Court construes Defendant's remaining reasons for a sentence reduction, namely, the harsh prison conditions at FCI Fort Dix along with his alleged rehabilitation during his incarceration, *see* Mot. at 1–6, as proffered extraordinary and compelling circumstances under § 1B1.13(b)(5)'s "Other Reasons" catchall.  Unfortunately, because none of the reasons Defendant offers "are similar in gravity" to the reasons articulated in § 1B1.13(b)(1)–(4), the Court cannot grant a sentence reduction upon these bases.

As explained above, prior to November 1, 2023, courts in this Circuit did not have discretion to develop their own reasons under the former § 1B1.13's Application Note 1(D) catchall.  *Compare* U.S.S.G. § 1B1.13 (Nov. 2023) *with* U.S.S.G. § 1B1.13 (Nov. 2018); *see also Bryant*, 996 F.3d at 1248.  However, Amendment 814 moved the circumstances constituting extraordinary and compelling reasons from the Commentary into the text of the § 1B1.13 Policy Statement itself and accordingly resolved the ambiguity suffusing the previous version of § 1B1.13.  *See* U.S.S.G. § 1B1.13(b) (Nov. 2023); *see also Prada*, No. 22-13059, at 6–7 (stating "[t]he Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and move[d] the definition of 'extraordinary and compelling reasons' to the text of the Guidelines."); *see also Handlon*, No. 22-13699, at 8–9 (explaining that "[t]he 2023 amendment to

§ 1B1.13 altered the text of the guideline itself to allow for compassionate release in [] new circumstance[s].").  Accordingly, it now appears that § 1B1.13(b)(5)'s "Other Reasons" category is a true catchall that unambiguously gives courts discretion to consider a broader range of extraordinary and compelling circumstances than before.

Nonetheless, § 1B1.13(b)(5) cabins, to some extent, courts' exercise of that discretion. Specifically, to qualify under the new catchall, § 1B1.13(b)(5) requires that any proffered circumstances "when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), [be] *similar in gravity* to those described in paragraphs (1) through (4)." (emphasis added).  And paragraphs (1)–(4) include the following reasons: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; and (4) Victim of Abuse. *See* U.S.S.G. § 1B1.13(b)(1)–(4) (Nov. 2023).  Each of these bases also includes specific qualifying criteria. *See generally id.*

Defendant includes several additional arguments the Court construes as falling under § 1B1.13(b)(5)'s catchall.  For one, Defendant argues that the two years of his sentence he served during the COVID-19 pandemic made his incarceration "significantly more laborious" than that of other inmates.  Mot. at 8. Though it cannot be denied that the pandemic disproportionately burdened incarcerated individuals, Defendant has not demonstrated that he has borne this burden in a manner that differentiates him from other inmates at FCI Fort Dix nor those housed at other federal correctional facilities around the country.  Indeed, other federal courts responding to similar arguments have roundly rejected them. *See*, *e.g.*, *United States v. Ruano*, No. 19-20026, 2023 WL 7109729, at *5 (S.D. Fla. Oct. 28, 2023) (finding that generalized hardships and health risks associated with the COVID-19 pandemic are insufficient to rise to the level of extraordinary and compelling medical circumstances under § 1B1.13). And while it is true that, under certain circumstances, an individual suffering from complications associated with contracting COVID-19

might have a colorable argument under § 1B1.13(b)(1)(D), Defendant has offered no argument and adduced no evidence that he qualifies as such an individual. Accordingly, Defendant has not demonstrated that the generalized challenges of his incarceration related to the COVID-19 pandemic warrant a sentence reduction under applicable law.

Defendant also claims that the medical department at FCI Fort Dix cannot properly treat his conditions. Specifically, Defendant claims that FCI Fort Dix does not have "a dietician" and does not "serve the proper food to help or cope with his Type 2 diabetes." Mot. at 4. Relatedly, Defendant claims the water at FCI Fort Dix is "no good." Mot. at 1. However, as previously stated, Defendant's medical records make clear that his medical provider is actively managing and monitoring his medical conditions and that, "[Defendant] typically receives Regular Insulin sliding scale coverage and has no other medical complaints." *See* Mot. at 25. Defendant also fails to provide further explanation concerning the alleged poor water quality at FCI Fort Dix. Moreover, as to Defendant's claims of harsh prison conditions, Defendant has provided no additional argument demonstrating how the challenges he faces at FCI Fort Dix are extraordinary and compelling such that they are "similar in gravity" to the extraordinary and compelling bases for a sentence reduction articulated in § 1B1.13(b)(1)–(4).

Further, as to the relevance of a defendant's rehabilitation while incarcerated, the revised § 1B1.13 now states, "[p]ursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Critically, Amendment 814's key change to the § 1B1.13 rehabilitation provision is the addition of a new clause that now explicitly allows courts to consider a defendant's rehabilitation while serving a sentence in determining whether

and to what extent a sentence reduction is warranted, so long as rehabilitation is considered in combination with "other circumstances." *Compare* U.S.S.G. § 1B1.13(d) (Nov. 2023) *with* U.S.S.G. § 1B1.13 cmt. n.3 (Nov. 2018).

Defendant cites his alleged rehabilitation while incarcerated as an additional extraordinary and compelling reason warranting a sentence reduction. Specifically, he claims he "has continually programmed [sic] and maintained employment" and "look[ed] for opportunit[ies] to better himself[.]" Mot. at 6. While the Court is encouraged by Defendant's rehabilitation, the revised § 1B1.13 explicitly provides "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). Because Defendant has not proffered any other viable "extraordinary and compelling reasons" as defined by § 1B1.13(b) in support of his petition for a sentence reduction, the Court is unable to grant a sentence reduction based solely upon Defendant's alleged rehabilitation. Accordingly, Defendant's request for a sentence reduction upon this basis also fails.

## II. The Court Need Not Analyze the § 3553(a) Factors Here

Because Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A). Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *Giron*, 15 F.4th at 1347–48. Accordingly, the Court need not address the § 3553(a) factors here.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's

Motion, [ECF No. 75], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of July, 2024.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**